IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ROSADO, | : | Case No. 4:06-CV-2025 |
| Plaintiff, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| AGENT WALLS, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**June 5, 2007**

FILED
WILLIAMSPORT
JUN 0 5 2007
PER _____
DEPUTY CLERK

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Motion to Dismiss ("the Motion"), filed by Defendants, Agent Walls and Agent Braxtin (collectively, "Defendants"), on January 2, 2007. (Rec. Doc. 13). On April 27, 2007, United States Magistrate Judge J. Andrew Smyser ("the Magistrate Judge" or "Magistrate Judge Smyser") issued a Report recommending that Defendants' Motion be granted. (Rec. Doc. 20). For the reasons that follow, we will adopt Magistrate Judge Smyser's Report in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

On October 16, 2006, Plaintiff Jose Rosado ("Plaintiff") commenced this

1

action by filing a pro se Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Rec. Doc. 1). The original Complaint (doc. 1) named as Defendants: 1) the Pennsylvania Board of Probation and Parole ("the Board"); 2) Agent Walls, a parole agent with the Board; and 3) Agent Braxtin, a parole agent with the Board.

Our review of the record confirms the Magistrate Judge's description of Plaintiff's allegations as to the relevant facts underlying the instant action and the relief requested. (See Rec. Docs. 1, 8). Accordingly we summarize the allegations and relief requested only briefly here.

Plaintiff alleges that on July 6, 2006, he was interviewed for violating the conditions of his parole. (Rec. Docs. 1, 8). He further alleges that some of these alleged violations should have been dismissed. However, he admits violation of the condition that prohibits the use of drugs. Nevertheless, Plaintiff contends that he was discriminated against on the basis of race, apparently during the interview and/or thereafter.

By Order dated March 19, 2007, the Board was dismissed as a party to this action, and Plaintiff's claim seeking credit for fifteen (15) days served as a result of his parole violation was also dismissed. (Rec. Doc. 16).

However, prior thereto, on January 2, 2007, Defendants filed the instant Motion (doc. 13), and on January 17, 2007, Defendants filed a supporting brief

(doc. 15). Following Plaintiff's failure to file a brief opposing the Motion within the time prescribed by this Court's Local Rules,[1] an Order, dated March 20, 2007, issued requiring Plaintiff to file a brief opposing Defendant's Motion (doc. 13) on or before April 9, 2007. (Rec. Doc. 17). To date, Plaintiff has failed to file any such brief.

Accordingly, on April 27, 2007, the Magistrate Judge issued a Report (doc. 20) recommending that Defendant's Motion (doc. 13) be granted. Objections to Magistrate Judge Smyser's Report were due on May 14, 2007, and to date, none have been filed. Thus, this matter is ripe for disposition.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

---

[1] Rule 7.6 of the Local Rules of this Court requires the submission of briefs opposing pretrial motions. Indeed, Rule 7.6 explicitly states that "[a]ny respondent who fails to comply with this rule shall be deemed not to oppose such motion."

## **DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations, and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's Report.

As the Magistrate Judge explains, Rule 41(b) of the Federal Rules of Civil Procedure allows for dismissal of an action where the plaintiff fails to prosecute or fails to comply with the rules or orders of the court. In the instant action, Plaintiff failed to comply with Rule 7.6[2] of the Local Rules of this Court, which requires the filing of a brief opposing any pretrial motion, by neglecting to file a brief opposing Defendants' Motion. In addition, Plaintiff failed to follow this Court's Order of March 20, 2007, which also directed Plaintiff to file a brief opposing the Motion.

As noted by the Magistrate Judge, the Court of Appeals for the Third Circuit has reversed a district court's dismissal of an action based on a *pro se* plaintiff's failure to file a brief in accordance with the previous version of Local Rule 7.6, Local Rule 401.6. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991). However, Stackhouse is distinguishable from the present circumstances because Plaintiff has not only disobeyed Local Rule 7.6, but also disobeyed this Court's

---

[2] Local Rule 7.6 was formerly Local Rule 401.6.

Order (doc. 17) specifically directing him to file a brief opposing the Motion.[3]

Further, the Magistrate Judge accurately notes that the Third Circuit has repeatedly applied the six-part test enunciated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders that deprive a party of the right to proceed with or defend a claim. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990). The six factors outlined in Poulis are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis in original). By failing to comply with this Court's March 20, 2007 Order, and by disobeying Local Rule 7.6, Plaintiff has demonstrated that his dilatoriness outweighs all of the other factors set forth in Poulis.

Finally, we note that Plaintiff has failed to file Objections to the

---

[3] Indeed, in Stackhouse, the Third Circuit explicitly narrowed its holding in such a manner as to distinguish the present situation: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." 951 F.2d at 30.

Magistrate's Report, leading us to agree with the Magistrate Judge's conclusion therein: Plaintiff has abandoned this lawsuit.

Because we agree with Magistrate Judge Smyser's recommendation that Defendant's Motion (doc. 13) be granted and because no Objections have been filed, we will adopt the Magistrate Judge's Report as our own.

An appropriate Order shall issue.